UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LOUISVILLE INDUSTRIAL PARK, LLC ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:17-CV-00278-CRS |
| ) | |
| EXXONMOBIL OIL CORPORATION, *et al.* ) | |
| ) | |
| DEFENDANTS ) | |

**RESPONSE OF DEFENDANT, EXXONMOBIL OIL CORPORATION,
IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

Defendant, ExxonMobil Oil Corporation ("Exxon Mobil"), states as follows in response and in opposition to Plaintiff's "Motion To Enforce Settlement" [DK#28].

1. At its most simple, the motion should be denied because ExxonMobil has complied with its written settlement agreement with Plaintiff and has paid Plaintiff the sums called for in the parties' settlement agreement. Attached hereto as **Exhibit 1** is a March 2, 2018, email from Plaintiff's law firm providing a copy of ExxonMobil's settlement check #2000978572 (which has been redacted to removed account numbers and the payment amount). Quite simply, the motion is moot.

2. On the other hand, Plaintiff's memo is written to argue that ExxonMobil and its counsel were acting improperly. Reaching such a conclusion would be incorrect, and ExxonMobil believes it should respond. First, Plaintiff's own Exhibit A (an email chain) includes an February 1, 2018, email from Melinda Sunderland, counsel for ExxonMobil, to Janice Theriot, counsel for Plaintiff, noting that "the agreement isn't fully executed yet." Second, on February 20, 2018, Ms.

Sunderland sent an additional email to Ms. Theriot (copy attached as **Exhibit 2**) noting that "At the time you filed the Motion to Compel, not all parties had executed the agreement." In her February 20th email, Ms. Sunderland also explained that "As to the e-mail you attached to your motion to which you indicated I did not timely respond, I was out of the office with the flu." In sum, ExxonMobil and its counsel have worked diligently to resolve this matter.

3. Another point is that the order tendered by Plaintiff is too vague. It merely states that "Defendants shall finalize the settlement and make payment as agreed within 3 days of this order if not before." This is, in effect, the issuance of an injunction, but its language is not appropriately precise to describe what ExxonMobil should do. As such, its entry would be improper. *See* FRCP 65(d)(1(C) (requiring that every order granting an injunction "must … (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.").

4. ExxonMobil believes that the next procedural step is the filing by the parties of a "Stipulation Of Dismissal With Prejudice," and ExxonMobil intends to do that once it receives confirmation from Plaintiff's counsel that doing so is appropriate under the parties' settlement agreement.

                Respectfully submitted,

                MORGAN & POTTINGER, P.S.C.

                By:   /s/ M. Thurman Senn
                     John T. McGarvey
                     Melinda T. Sunderland
                     J. Morgan McGarvey
                     M. Thurman Senn
                     401 South Fourth Street, Suite 1200
                     Louisville, Kentucky 40202

>Phone, (502) 589-2780
>Fax, (502) 585-3498
>jtm@morganandpottinger.com
>msunderland@morganandpottinger.com
>jmm@morganandpottinger.com
>mts@morganandpottinger.com
>*Counsel for Defendant, ExxonMobil Oil Corporation*

## Certificate Of Service

On March 2, 2018, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel designated to receive electronic notice in this case.

>　/s/ *M. Thurman Senn*
>Counsel for Defendant, ExxonMobil Oil Corporation